IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROSS HATHAWAY<br><br>Plaintiff,<br><br>v.<br><br>IDAHO-PACIFIC CORPORATION,<br><br>Defendant. | Case No.  4:15-CV-86-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by defendant Idaho-Pacific Corporation (IPC).  The Court heard oral argument on the motion on February 14, 2017, and took the motion under advisement.  For the reasons explained below, the Court will deny the motion.

## LEGAL STANDARDS

In reviewing a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-moving party and cannot make credibility findings.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

**FACTUAL BACKGROUND**

On February 19, 2013, Hathaway injured his shoulder and thumb while working at IPC.[1] With his shoulder and thumb wrapped in ice, Hathaway made a report to Dwain Gotch, Plant Safety Manager, describing the accident, and detailing the injury to his shoulder and thumb. Gotch prepared a handwritten report that included both the shoulder and thumb injury, and Hathaway signed that report. This was consistent with Gotch's normal practice. But this time, Gotch later prepared a final typewritten report that failed to mention the shoulder injury, and that report was never submitted to Hathaway for his signature. The original handwritten report has apparently disappeared.

His shoulder pain increasing, Hathaway sought treatment from Dr. Larry Curtis. On March 28, 2013, Dr. Curtis wrote to IPC stating that Hathaway's shoulder injury was due to his fall at IPC on February 19, 2013. IPC received Dr. Curtis's letter the same day. The next day – March 29, 2013 – IPC filed its official report with the worker's compensation board on Hathaway's fall, saying nothing about his shoulder injury.

On April 16, 2013, Hathaway discovered that Gotch's typewritten report failed to mention his shoulder injury. Hathaway testified that when he confronted Gotch about this, Gotch said that he had been ordered to omit reference to the shoulder injury from the report. Hathaway complained that same day to Mike Willmore, in IPC's Human Resources Department but got no response.

---

[1] In describing the factual background of this case, the Court will, as it must, state the facts in a light most favorable to the plaintiff and grant the plaintiff the benefit of all reasonable inferences that can be drawn from those facts.

One day later – on April 17, 2013 – co-worker Margaret Johnson gave a statement to Supervisor Steve McLean that she overheard Hathaway say that he should "trip and fall and then they'd have to pay." *See Transcript (Dkt. No. 18-6).* Notably, in Johnson's recorded and transcribed statement, she indicated she couldn't tell whether or not Hathaway was joking. *Id.* Hathaway denies making that statement, and indicates that he was never given a chance to respond to Johnson's claim. IPC claims that it met with Hathaway and gave him a chance to answer the allegations. *See IPC Statement (Dkt. No. 18-1)* at p. 9. However, IPC kept no record of such a meeting, unlike the interview with Johnson, which was both tape-recorded and transcribed.

The next day, IPC fired Hathaway.

## ANALYSIS

IPC argues first that Hathaway has unequivocally abandoned his claim that he was fired for making a worker's compensation claim, and cites to Hathaway's deposition testimony to support its argument. *See Deposition pp. 154-157 (Dkt. No. 18-4).* That deposition testimony is far from unequivocal. Defense counsel's initial question was simple – "Now, in this lawsuit in your complaint you've alleged that you were fired because you filed a worker' compensation claim, correct?" – and Hathaway answers "no." *Id.* at p. 154. It appears at first glance that Hathaway has just abandoned his central claim. But in explaining his answer, Hathaway does not focus on his own legal claims, but on IPC's conduct. He complains that IPC was on a "witch hunt," refused to listen to him, and never stated the real reasons for the firing. The discussion was now far afield from the original question, raising a question whether Hathaway misunderstood the

question.  This situation begged for defense counsel to refocus Hathaway by asking him directly and unequivocally whether he was abandoning allegations he made in his complaint.  That never happened.  For whatever reason, defense counsel decided not to pursue that direct line of questioning.  The Court is left with some ambiguous back-and-forth that fails to clearly show that Hathaway abandoned allegations in his complaint.  The Court therefore rejects IPC's argument that Hathaway abandoned the central claim of his complaint.

The Court turns next to whether IPC is entitled to summary judgment on the merits of Hathaway's claims.  A reasonable juror could find, based on the facts above, that IPC intentionally omitted any mention of Hathaway's shoulder injury to the worker's compensation board.  Gotch intentionally, and at the direction of IPC management, altered the original report by omitting any mention of Hathaway's shoulder injury.  IPC's official report also omitted it, despite having just received Dr. Curtis's letter linking the shoulder injury to the fall at work.

A reasonable juror could conclude that IPC had a scheme to cover-up the injury so it would not have to be reported.  IPC's scheme was working smoothly until Hathaway discovered it and complained to IPC.  Just a day later, a co-worker conveniently appears giving statements that would be used to fire Hathaway.  While IPC alleges that it interviewed Hathaway to get his side of the story before firing him, Hathaway denies it, and IPC kept no notes or recordings of the interview as it did with the interviews of the co-worker.

Under all these circumstances, a reasonable juror could conclude that IPC worked together with the co-worker to gin up an excuse to fire Hathaway because he had discovered their scheme to hide his shoulder injury from the worker's compensation board. Moreover, IPC wanted to fire Hathaway to avoid making accommodations for his shoulder injury. These findings would support all of Hathaway's claims. Of course, the evidence may lead to other conclusions. But so long as a reasonable juror could evaluate these facts and render a verdict for Hathaway, the Court must deny summary judgment.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (docket no. 18) is DENIED.

DATED: February 17, 2017

B. Lynn Winmill
Chief Judge
United States District Court