# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROSS HATHAWAY,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO PACIFIC CORPORATION,<br><br>Defendant. | Case No. 4:15-cv-00086-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Currently pending before the Court are three motions in limine the parties filed in anticipation of a trial set for December 11, 2017. Defendant Idaho Pacific Corporation ("IPC") seeks to conduct a trial deposition of a key witness who will not appear at trial. This witness has not previously been deposed and her whereabouts were allegedly unknown until recently. In the alternative, IPC seeks to reopen discovery to conduct a discovery deposition of the witness. Plaintiff, Ross Hathaway, opposes IPC's requests and seeks to prevent IPC from presenting an interview IPC recorded with the witness in 2013.

## II. BACKGROUND

*A. Factual Background*[1]

---

[1] This statement of facts was taken from Judge Winmill's Memorandum Decision and Order (Dkt. 28) denying IPC's motion for summary judgment.

MEMORANDUM DECISION AND ORDER – PAGE 1

On February 19, 2013, Hathaway injured his shoulder and thumb while working at IPC. With his shoulder and thumb wrapped in ice, Hathaway made a report to Dwain Gotch, Plant Safety Manager, describing the accident, and detailing the injury to his shoulder and thumb. Gotch prepared a handwritten report that included both the shoulder and thumb injury, and Hathaway signed that report. This was consistent with Gotch's normal practice. But this time, Gotch later prepared a final typewritten report that failed to mention the shoulder injury, and that report was never submitted to Hathaway for his signature. The original handwritten report has apparently disappeared.

His shoulder pain increasing, Hathaway sought treatment from Dr. Larry Curtis. On March 28, 2013, Dr. Curtis wrote to IPC stating that Hathaway's shoulder injury was due to his fall at IPC on February 19, 2013. IPC received Dr. Curtis's letter the same day. The next day—March 29, 2013—IPC filed its official report with the worker's compensation board on Hathaway's fall, saying nothing about his shoulder injury.

On April 16, 2013, Hathaway discovered that Gotch's typewritten report failed to mention his shoulder injury. Hathaway testified that when he confronted Gotch about this, Gotch said that he had been ordered to omit reference to the shoulder injury from the report. Hathaway complained that same day to Mike Willmore, in IPC's Human Resources Department, but got no response.

One day later—on April 17, 2013—co-worker Margaret Johnson gave a statement to Supervisor Steve McLean that she overheard Hathaway say that he should "trip and fall and then they'd have to pay." *See* Dkt. 18-6. Notably, in Johnson's recorded and transcribed statement, she indicated she could not tell whether or not Hathaway was

MEMORANDUM DECISION AND ORDER – PAGE 2

joking. *Id.* Hathaway denies making that statement, and indicates that he was never given a chance to respond to Johnson's claim. IPC claims that it met with Hathaway and gave him a chance to answer the allegations. However, IPC kept no record of such a meeting, unlike the interview with Johnson, which was both tape-recorded and transcribed. The next day, IPC fired Hathaway.

*B. Procedural Background*

Hathaway filed this suit on March 12, 2015. Dkt. 1. On February 17, 2017, Judge Winmill denied IPC's motion for summary judgment. Dkt. 28. He then set this case for a 5-day jury trial starting on September 18, 2017. Dkt. 30. The Court vacated this trial date after Judge Winmill transferred this case to the undersigned. The Court has rescheduled trial for December 11, 2017. The parties must inform the Court by November 1, 2017, whether the case will proceed to trial. If so, the parties have until November 15, 2017, to file any trial briefs or motions in limine.

During discovery, Hathaway asked IPC for Johnson's contact information and personnel file so he could depose her. In its initial disclosures, IPC indicated that it did not have an address for Johnson. Later, in its supplemental disclosures it gave Hathaway a P.O. Box number for Johnson located in Ririe, Idaho. Finally, apparently after Hathaway made several attempts to obtain information from IPC, IPC gave Hathaway a phone number for Johnson. The number was no longer in service.

IPC maintains that it terminated Johnson in April of 2014 as part of a reduction in force. Dkt. 39, at 4. IPC continued to contact Johnson at the P.O. Box address in Ririe, Idaho, after it terminated her. *Id.* Johnson has never given IPC a forwarding address or

MEMORANDUM DECISION AND ORDER – PAGE 3

change of address information. *Id.* Therefore, IPC maintains that it gave Hathaway the only contact information it had for Johnson. *Id.*

Hathaway was never able to contact or depose Johnson during discovery, which closed on September 30, 2016. Dkt. 39, at 3. However, at the end of June, 2017, IPC asked to take a trial deposition of Johnson. *Id.* IPC indicated it had obtained Johnson's current contact information by hiring a private investigator.[2] *Id.* Apparently, Johnson had moved to Nevada several years ago. On June 28, 2017, IPC provided Johnson's updated Nevada contact information to Hathaway along with its request to depose Johnson. *Id.* at 4. Johnson has indicated she is unwilling to appear at trial in this case. *Id.* at 5.

The three pending motions in limine concern whether IPC should be permitted to depose Johnson and, if not, what other evidence IPC may present regarding Johnson at trial. First, Hathaway has filed a motion to exclude Johnson as a witness, or, in the alternative, prohibit IPC from re-opening discovery to depose Johnson. Dkt. 37. Second, IPC requests leave to take a *de bene esse* deposition of Johnson, or, in the alternative, to reopen discovery for the limited purpose of deposing Johnson. Dkt. 41. Finally, Hathaway has filed a motion in limine to bar IPC from presenting recordings of statements made by Johnson and another witness, Linda Bair, including any transcripts of those recordings. Dkt. 38.

After the Motions were fully briefed, the Court held oral argument on October 12, 2017. At the end of that hearing, the Court took the Motions under advisement. The Court

---

[2] IPC has not submitted an affidavit or statement from the investigator explaining the steps the investigator took to locate Johnson. In fact, IPC has not even identified the investigator.

MEMORANDUM DECISION AND ORDER – PAGE 4

also asked IPC to provide the Court with a copy of Johnson's personnel file for an *in camera* review to determine whether IPC provided Hathaway with all of Johnson's contact information during discovery. IPC has provided the personnel file and the Court has undertaken an extensive review of its contents.

### III. STANDARD OF REVIEW

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). "The term 'in limine' means 'at the outset.' A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quoting Black's Law Dictionary 803 (8th ed. 2004)). Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (citation omitted) "a district court has discretion in ruling on a motion in limine." *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991). Further, in limine rulings are preliminary and, therefore, "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### IV. ANALYSIS

*A. Hathaway's Motion to Exclude Johnson from Trial*

Under Federal Rule of Civil Procedure 26(a), parties have a duty to disclose initially:

MEMORANDUM DECISION AND ORDER – PAGE 5

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(i). Parties are required to make these disclosures "based on the information then reasonably available to [them]." Fed. R. Civ. P. 26(a)(1)(E). Some courts have interpreted Rule 26 as requiring "each party to make a good faith effort to obtain particularized address and telephone information for individuals relevant to the litigation." *See Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008). Moreover, as discovery proceeds, the parties have a continuing duty to supplement their disclosures and responses:

> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e). In order to "give[ ] teeth to these requirements," Rule 37(c)(1) permits the Court to preclude "the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). The Court may excuse the failure to disclose if the party can demonstrate substantial justification or if the nondisclosure is harmless. Fed. R. Civ. P. 37(c)(1). "As trial approaches, the parties must then choose their trial witnesses from this list of persons they have disclosed pursuant to Rule 26." *Depew v.*

*ShopKo Stores, Inc.*, No. CIV. 03-0539-S-BLW, 2006 WL 47357, at *1 (D. Idaho Jan. 6, 2006).

Hathaway admits that IPC identified Johnson as a person with potential knowledge in its initial disclosures. Nevertheless, Hathaway argues that the Court should bar IPC from calling Johnson as a witness at trial because IPC initially failed to provide contact information for Johnson and later only provided insufficient contact information. More specifically, Hathaway argues IPC violated the Federal Rules regarding discovery disclosures by (1) failing to take steps to determine Johnson's current contact information and (2) failing to turn over Johnson's personnel file during discovery.

IPC responds that the Court should permit it to use Johnson as a witness at trial because it gave Hathaway all of the contact information it had for Johnson and it had no obligation to investigate further into the matter. IPC also asserts that finding and deposing a potential witness listed in its Rule 26 disclosures is not a prerequisite to calling that witness at trial.

The Court agrees that IPC was not required to find and depose Johnson as a condition necessary to using her at trial. Nevertheless, the Court finds IPC violated the discovery rules. First, IPC failed to timely disclose Johnson's P.O. Box address and phone number. This information was readily available to IPC; it appeared on many documents within Johnson's personnel file. Accordingly, IPC should have included this information in its initial disclosures on July 24, 2015. Instead, it initially stated that her address and phone number were unknown. It did not supplement this initial disclosure with Johnson's Ririe, Idaho, P.O. Box until August of 2015 and it did not provide

MEMORANDUM DECISION AND ORDER – PAGE 7

Johnson's phone number to Hathaway until June 6, 2016. At that point, the phone line was out of service. Yes, IPC eventually disclosed this information during discovery, but it should have disclosed it earlier and its dilatory disclosure may have prevented Hathaway from locating Johnson during discovery.

Moreover, during its in camera review of Johnson's personnel file, the Court located a physical address for Johnson that IPC never disclosed on a "Payroll Verification Information" form. It is not clear whether this information would have led Hathaway to find Johnson, but the failure to disclose this address was a violation of the letter of the law as it was "reasonably available" to IPC. *See* Fed. R. Civ. P. 26(a)(1)(E). IPC's failure to comply with Rule 26 is neither substantially justified nor harmless. *See* Fed.R.Civ.P. 37(c)(1); *see also Boon Rawd Trading Int'l Co. v. Paleewong Trading Co. Inc.*, No. C 09-05617 WHA, 2011 WL 846639, at *5 (N.D. Cal. Mar. 8, 2011) (barring witness from testifying at trial where offering party "consistently failed to disclose [the witness's] contact information" and it appeared that the party had "at least some recent information regarding [the witness's] whereabouts").

Finally, during its *in camera* review the Court also found phone numbers for three references on Johnson's employment application and two emergency contact numbers on the "Payroll Verification Information" form. These phone numbers might have helped Hathaway locate Johnson. However, Hathaway has not provided legal authority to support its assertion that IPC was required to disclose the private contact information of third-parties. Therefore, the Court finds the decision not to disclose this information did not violate the Rules.

MEMORANDUM DECISION AND ORDER – PAGE 8

For the reasons stated above, under Rule 37, the Court will not permit IPC to use Johnson as a witness at trial, either by calling her as a live witness or presenting her pre-recorded trial deposition.

*B. IPC's Motion to Take De Benne Esse Deposition or Reopen Discovery*

As the Court has determined that it will not permit Johnson to testify at trial, in any form, there is no reason to permit IPC to conduct a trial deposition of Johnson. The Court also finds there is no good cause to reopen discovery to allow IPC to take a discovery deposition of Johnson. Once the deadline for completing discovery has passed, the Court will not reopen discovery except upon a showing of "good cause." a party must show good cause to justify reopening discovery." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Huntsman Advanced Materials LLC v. OneBeacon Am. Ins. Co.*, No. 1:08-CV-00229-BLW, 2012 WL 5285901, at *1 (D. Idaho Oct. 25, 2012) (citing Fed. R. Civ. P. 16(b)). The "'good cause' standard primarily considers the diligence of the party seeking" to reopen discovery. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

The Court finds IPC was not diligent. During discovery, IPC made minimal efforts to locate or contact Johnson. IPC has given no explanation as to why it did not hire an investigator during discovery to locate Johnson or why it did not take other steps during discovery to locate her. And, as explained above, IPC failed to even timely supply Johnson's contact information to Hathaway. If IPC had diligently taken steps to locate Johnson, it might have realized—while discovery was still open—that Johnson was outside of the subpoena power of the Court and was unwilling to testify at trial. Instead,

MEMORANDUM DECISION AND ORDER – PAGE 9

IPC waited until shortly before trial to locate her. This case is readily distinguishable from the cases in which this Court has reopened discovery and/or allowed parties to take trial depositions shortly before trial. *See, e.g.*, *Depew v. Shopko Stores, Inc.*, 1:03-cv-539-BLW-LMB (Dec. 27, 2005), Dkt. 59 (allowing defendant to take trial deposition of witness who had been deposed during discovery and then had moved to Georgia after discovery had closed, where defendant requested to take the trial deposition just over a month after the witness had moved).

For all of these reasons, the Court denies IPC's request to take a trial deposition or reopen discovery.

### *C. Motion to Exclude 2013 Interview of Johnson and Bair*

Finally, Hathaway asks this court to bar IPC from presenting at trial interviews with Johnson and Bair that IPC recorded in 2013. Hathaway asserts that the Court should exclude from evidence the interview with Johnson first under Federal Rule of Evidence 901—because the recording has not been authenticated—and second under Federal Rules of Evidence 801 and 802—because the recording contains hearsay for which no exception exists. Hathaway also asserts that the Court should exclude from evidence the interview with Bair under Rules 402 and 602. The parties all but omit any discussion of the Bair interview in their briefs; accordingly, the Court grants the motion to exclude the recorded interview with Bair. The Johnson interview, however, requires closer examination.

## 1. Rule 901 Authentication

Rule 901 provides that the proponent of a piece of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). In other words, IPC "must show that the tape [is] an accurate depiction of the" interview with Johnson. *Mueller v. Auker*, No. CIV 04-399-S-BLW, 2010 WL 2265867, at *11 (D. Idaho June 4, 2010). However, IPC "need only make a *prima facie* showing of authenticity 'so that a reasonable juror could find in favor of authenticity or identification.'" *Id.* (quoting *U.S. v. Blackwood,* 878 F.2d 1200, 1202 (9th Cir. 1989). If IPC "meets this burden, the probative force of the evidence is an issue for the jury. At this point, any doubts as to the authenticity of the evidence go to its weight and not to its admissibility." *Id.* Under Rule 901(b)(5) a voice recording can be authenticated if someone familiar with the person's voice speaking on the recording identifies that individual's voice, "based on hearing the voice at any time under circumstances that connect it with the alleged speaker." This Rule establishes a "low threshold" for authenticity; essentially anyone "minimally familiar" with the recorded voice can authenticate the recording. 2010 WL 2265867, at *11.

IPC asserts that it will call a number of witnesses at trial who can identify Johnson's voice on tape, and any of the other participants on the tape-recorded conversation. Such testimony would be sufficient to authenticate the recording. Therefore, the Court finds Rule 901 does not prevent the admissibility of the recording.

///

///

## 2. Hearsay

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 778 (9th Cir. 2002) (citing Fed .R. Evid. 801(c)). "In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807." *Id.*

During the recorded interview, Johnson told her supervisor Steve McLean that she overheard Hathaway say that he should "trip and fall and then they'd have to pay." Dkt. 18-6, at 29. Hathaway asserts that this interview should be excluded because it is hearsay. IPC argues that Johnson's statement on the interview is not hearsay because, although it is an out of court statement, it does not offer it for the truth of the matter asserted. Specifically, IPC maintains that it is not offering the statement to show Hathaway actually said he should "trip and fall and then they'd have to pay;" rather, IPC is offering the statement to show that Johnson recounted this event to her supervisor and, therefore, IPC had legitimate, non-discriminatory grounds for terminating Hathaway.

Although this presents a close call, in the end Hathaway presents the more compelling argument. IPC's assertion that Johnson's statement shows it had a legitimate reason for terminating Hathaway is only valid if Johnson's statement is taken as true. Thus, IPC is, in actuality, offering Johnson's out of court statement to show that Hathaway actually said that he should trip and fall.

The Court also finds Johnson's statement is not one of the statements specifically excluded from the definition of hearsay. Federal Rule of Evidence 801(d) excludes from the definition of hearsay statements of a party opponent and prior inconsistent statements of a witness. Johnson is not a party opponent and has not made inconsistent statements. Thus, Rule 801(d) does not exclude Johnson's out of court statements from the definition of hearsay. Rule 801(d) may exclude Hathaway's out of court statement that Johnson overheard from the definition of hearsay. However, that fact does not cure the admissibility problem as "each [out of court] statement must qualify under some exemption or exception to the hearsay rule" to be admissible. *United States v. Arteaga*, 117 F.3d 388, 396 (9th Cir. 1997).

Moreover, the Court finds none of the exceptions to hearsay apply. IPC argues that the recording falls under the exceptions for recorded recollections, present sense impressions, and business records.

The recorded recollection exception applies to records "on a matter the witness once knew about but now cannot recall well enough to testify [to] fully and accurately." Fed. R. Evid. 803(5). The Court agrees with Hathaway that, for this exception to apply, Johnson would have to testify at trial and testify that she can no longer recall the events that are the subject of the recorded interview. Not only will Johnson not be permitted to testify at trial, but there is no indication that she no longer recalls the details of the recorded interview.

The recorded interview also does not qualify as a "present sense impression" under Rule 803(1) because it was not made "*nearly contemporaneous* with the incident

MEMORANDUM DECISION AND ORDER – PAGE 13

described and made with little chance for reflection." *Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir. 1995) (emphasis added). A present sense impression is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). "The idea of immediacy lies at the heart of the exception;" thus, the time requirement underlying the exception "is strict because it is the factor that assures trustworthiness." 4 Christopher B. Mueller and Laird C. Kirkpatrick, Federal Evidence § 8:67, 559, 562 (3d ed. 2007). The recording was made a full day after Johnson allegedly overheard Hathaway's trip and fall statement. It is true "that courts have not adopted any bright-line rule as to when a lapse of time becomes too lengthy to preclude Rule 803(1)'s application," but the Court is unaware of any legal authority holding that an hour—let alone a day—may appropriately be considered "immediately thereafter." *United States v. Green*, 556 F.3d 151, 156 (3d Cir. 2009) (collecting cases and finding statement made 50 minutes after event was not made "immediately thereafter" and, thus, was not a present sense impression); *Hilyer v. Howat Concrete Co., Inc.*, 578 F.2d 422, 426 n. 7 (D.C.Cir.1978) (excluding statement made between 15 and 45 minutes following event).

Finally, in order for a recording to be admissible as a business record under Rule 803(6), it must be "(1) made by a regularly conducted business activity, (2) kept in the 'regular course' of that business, (3) 'the regular practice of that business to make the memorandum,' (4) and made by a person with knowledge or from information transmitted by a person with knowledge." *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984). IPC argues the Johnson recording is a business record

MEMORANDUM DECISION AND ORDER – PAGE 14

because "the recording was made by personnel within the human resources department, and made with knowledge and by persons with knowledge of the procedures regarding investigations and recordings of the same, upon terminations of employees from employment." Dkt. 40, at 7. However, IPC has not asserted that it regularly makes these types of recordings or that the recording was made in the "regular course" of its business. The Court, therefore, finds this exception does not apply either.

As the recording falls under the definition of hearsay and does not fall under any of the exceptions to the hearsay rule, the Court bars IPC from presenting the recording at trial.

The Court also notes that to permit IPC to present the Johnson recording would allow IPC to circumvent the Court's decision to bar IPC from calling Johnson as a witness at trial. Allowing the recording would prejudice Hathaway because it would permit IPC to present Johnson's testimony without giving Hathaway the benefit of cross-examination. Hathaway has never had the opportunity to cross-examine Johnson because of IPC's dilatory conduct.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion in Limine to Exclude Margaret Johnson as a Witness, or in the Alternative, Prohibit Defendant from Re-opening Discovery (Dkt. 37) is GRANTED.

2. Plaintiff's Motion in Limine Regarding Hearsay Evidence and Unauthenticated Statements Made by Margaret Johnson and Linda Bair (Dkt. 38) is

GRANTED. IPC may not present the 2013 audio recordings of interviews with Johnson or Bair at trial.

3. Defendants Motion for Leave to Take De Bene Esse Deposition of Unavailable Witness Margaret Johnson, or, in the Alternative, Motion to Reopen Discovery for Limited Purpose of Deposing Margaret Johnson (Dkt. 41) is DENIED.

DATED: October 23, 2017

David C. Nye
U.S. District Court Judge