UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROSS HATHAWAY,<br><br>     Plaintiff,<br><br> v.<br><br>IDAHO PACIFIC CORPORATION,<br><br>     Defendant. | Case No. 4:15-cv-00086-DCN<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION FOR RECONSIDERATION** |

## INTRODUCTION

This Court issued a Memorandum Decision and Order on October 23, 2017, that did three things:

> (1) granted Hathaway's "Motion in Limine to Exclude Margaret Johnson as a Witness, or in the Alternative, Prohibit Defendant from Re-Opening Discovery";

> (2) granted Hathaway's "Motion in Limine Regarding Hearsay Evidence and Unauthenticated Statements Made by Margaret Johnson and Linda Bair"; and

> (3) denied Idaho Pacific Corporation's "Motion for Leave to Take De Bene Esse Deposition of Unavailable Witness Margaret Johnson, or, in the Alternative, Motion to Reopen Discovery for Limited Purpose of Deposing Margaret Johnson".

On November 3, 2017, Idaho Pacific Corporation ("IPC") filed a Motion for Reconsideration, a Memorandum in Support, and a Declaration of Bradley J. Williams. In those documents, IPC asks the Court to reconsider its decision because the Johnson and Bair statements are not hearsay but rather admissible evidence and the discovery sanctions imposed in the decision are too harsh and unfair in that they remove IPC's

primary defense to Hathaway's claims. IPC asks the Court to permit the audio recording and transcript of Johnson's interview with IPC management to be introduced as evidence at trial.  On November 21, 2017, Hathaway filed his Memorandum in Opposition to Defendant's Motion for Reconsideration. Hathaway argues that IPC has raised nothing new in the motion for reconsideration and that the Court should stand by its original decision.

On December 5, 2017, IPC filed its Reply Brief. Trial is set to begin on December 11, 2017. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).

## BACKGROUND

Both the factual background and the procedural background are set forth in the Memorandum Decision and Order filed on October 23, 2017, and will not be repeated herein. Any corrections or modifications to those backgrounds will be discussed below.

## STANDARD OF REVIEW

While IPC does not state what rule it moves for reconsideration under, because it moves for reconsideration prior to a trial taking place, the appropriate avenues for reconsideration are Rules 59(e) or 60(b). *See, School Dist. No. 1J, Multnomah County,*

*OR v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993).[1] Under Rule 59(e), reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Id.* at 1263. Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; (6) extraordinary circumstances which would justify relief. *Id.* at 1264. These rules offer an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). The grant or denial of a motion for reconsideration is a matter within the district court's discretion. *Id.* at 883.

IPC's motion for reconsideration most likely falls within the realm of Rule 59(e) as IPC makes arguments regarding an expanded factual record and also argues that reconsideration is necessary to correct clear error and prevent manifest injustice.

## ANALYSIS

The Court has reviewed the record and the parties' brief and denies the motion for reconsideration as far as it goes to the issues of whether Johnson can testify at trial,

---

[1] IPC does cite *Smith v. Massachusetts,* 543 U.S. 462, 475 (2005) for the proposition that "a district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." However, the quoted language comes from the dissenting opinion in *Smith* and is therefore not precedent and *Smith* is a criminal case involving the issue of whether it is a violation of double jeopardy for a district court to reverse itself on the grant of an acquittal on some or all crimes before the jury reaches a verdict. That issue is not involved in a civil case such as this.

whether ICP can take a De Bene Esse deposition of Johnson, or whether discovery can be reopened. The Court stands by its decision that Johnson cannot testify as a sanction for not disclosing Johnson and her pertinent contact information in a timely manner.[2]

As to the three things[3] accomplished by the Court's October 23, 2017, Memorandum Decision and Order, ICP in its motion to reconsider focuses almost exclusively on the second thing – the Court's declaration that the Johnson and Bair statements and recordings are hearsay and cannot be used at trial. This is made clear by IPC's Reply Brief wherein, IPC states that this Court "need only focus on a single issue to decide its motion: whether the recordings and transcripts are being offered for a relevant purpose other than to prove the truth of the matter asserted, *i.e.*, the <u>contents</u> of the recordings and transcripts." Dkt 75, at 1 [emphasis in original] The Court will turn now to this single issue.

IPC takes the position that the Court erred when it held that the recorded statements were hearsay that had to fall under an appropriate exception before they could be used at trial. Specifically, IPC objects to this language in the Court's decision:

> As the recording falls under the definition of hearsay and does not fall under any of the exceptions to the hearsay rule, the Court bars IPC from presenting the recording at trial.

Additionally, IPC objects to this language in the decision:

---

[2] In so ruling, the Court did not, in the original decision or now, intend to infer that the sanctions were the result of deliberate improper tactics by counsel. Instead, the Court held that IPC had contact information in its personnel files and failed to timely disclose that information to Plaintiff. The motive for nondisclosure is not relevant. IPC cannot demonstrate substantial justification for the nondisclosure.

[3] See above at page 1.

The Court also notes that to permit IPC to present the Johnson recording would allow IPC to circumvent the Court's decision to bar IPC from calling Johnson as a witness at trial. Allowing the recording would prejudice Hathaway because it would permit IPC to present Johnson's testimony without giving Hathaway the benefit of cross-examination. Hathaway has never had the opportunity to cross-examine Johnson because of IPC's dilatory conduct.

Having reviewed the file and the briefs of the parties, the Court understands and accepts IPC's argument that the recordings are not hearsay because they are not offered for the truth of the matter asserted. The very nature of this case makes the hearsay issue moot. In an employment discrimination case, the defendant can defend by proving that it had notice of a statement and acted in good faith in reasonable reliance upon that statement even if the statement is false. *See, Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1063 (9th Cir. 2002). If the defendant makes this showing, then the burden is back on the plaintiff to show that the defendant's articulated reason is "pretextual." *Flanagan v. City of Richmond,* 2015 WL 5964881 (N.D. Cal. 2015). In the context of this type of claim, the burden on plaintiffs to raise a triable issue of fact as to pretext is "hardly an onerous one." *Noyes v. Kelly Servs.,* 488 F.3d 1163, 1170 (9th Cir. 2007). The recording is not being offered to prove the truth of the matter asserted. The Court agrees that the recording is not hearsay. The problem here is not really whether the recording is hearsay or not. The issue is whether IPC should be allowed to circumvent the sanctions by using the recording.

In its Answer to Plaintiff's Complaint, filed on May 15, 2015, IPC admitted that Hathaway was terminated from employment because of a statement he made to a co-worker in which he stated he should trip and fall and then they'd have to pay. In its Initial

Disclosures on July 24, 2015, IPC produced to Hathaway the names of Margaret Johnson and Linda Bair as former co-employees who may have discoverable information IPC may use to support its position in this case. Also in its Initial Disclosures, IPC provided written transcripts of the Johnson and Bair recordings on July 24, 2015. Hathaway, in his Requests for Production asked IPC for a copy of the entire recorded interview with Margaret Johnson. This makes sense because without a copy of the recording Hathaway has no way to verify the accuracy of the transcript. On December 7, 2015, IPC responded to that request by stating it had already provided a copy of the transcript of that recording. On February 17, 2016, Hathaway informed IPC that its response was inadequate and Hathaway wanted a copy of the actual recording. IPC responded on March 23, 2016, that the original recording was being obtained and would be provided. IPC did not produce a functional copy of Johnson and Bair's recordings until June 29, 2016.

The original Case Management Order required all discovery to be completed by June 22, 2016. However, after that discovery deadline lapsed, the parties agreed to extend the deadline until September 30, 2016. Dkt. 15. Thus, under this extended deadline IPC timely produced the recordings. However, IPC did not timely produce contact information for Johnson or Bair. Without that information Hathaway could not discover from Johnson and Bair the circumstances of the interviews. Were they coerced into making the statements? Were they coached by the managers before the recorder was turned on? Are the recordings complete and accurate of everything that was said in the meeting or is the recorded portion taken out of context? In other words, a timely deposition or interview by plaintiff's counsel with Johnson or Bair could address matters

that go far beyond whether the statements were true. It could go to the heart of the pretext issue. Out of fairness, the sanctions for untimely disclosure of contact information will be extended to cover the recordings also.

IPC argues on reconsideration that the Court's ruling guts IPC's defense in this case. The Court disagrees for two reasons. First, it was IPC's failure to timely provide contact information that clearly exists in the personnel files that precludes IPC from putting on evidence from Johnson and Bair. Second, the Court's ruling does not gut any defense. IPC can use properly disclosed witnesses to develop the theory that IPC had a valid reason for terminating Hathaway. Just as it does not matter whether the information relied upon by IPC is objectively true, it does not matter which co-workers provided that information.

## ORDER

It is ordered:

1. IPC's Motion for Reconsideration is **granted in part**. The recorded statements from Johnson and Bair are not hearsay.

2. IPC's Motion for Reconsideration is **denied in part**. As a discovery sanction, IPC cannot call Johnson or Bair as witnesses at trial. Discovery will not be reopened and no De Bene Esse deposition will be taken.

3. The discovery sanction is extended to include the recorded statements.

DATED: December 8, 2017

David C. Nye
U.S. District Court Judge