# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROSS HATHAWAY,<br><br> Plaintiff,<br><br>v.<br><br>IDAHO PACIFIC CORPORATION,<br><br> Defendant. | Case No. 4:15-cv-00086-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

This matter comes before the Court on post-trial Motions filed by both parties. Plaintiff Ross Hathaway has filed a Motion for Entry of Partial Judgment and to Set Re-Trial of the ADA Claims. Dkt. 109. Defendant Idaho Pacific Corporation ("Idaho Pacific") has filed a Motion for Judgment as a Matter of Law on All Claims, or in the Alternative, Motion for a New Trial on Plaintiff's Claim for Termination in Violation of Public Policy. Dkt. 107. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the Motion on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to DENY the Motions and order a new trial on all claims.

## II. BACKGROUND

A five-day jury trial was held in this employment discrimination case in mid-December 2017. The Court submitted three claims to the jury via a special verdict form: (1) discrimination under the Americans with Disabilities Act ("ADA"); (2) retaliation under the ADA; and (3) wrongful discharge under Idaho state law. During deliberations, the Jury sent a note to the Court indicating that its members had "reached a point of aggressive disagreement." In response, the Court gave the Jury an *Allen* instruction.[1] The Jury then returned to its deliberations.

A few hours later, the Jury sent another note to the Court stating that it had reached a "unanimous decision on only one claim" and that it was unable to agree on the other two claims. The Jury asked if it had to reach a decision on all three claims and if the Court could rule on the other two claims. The Court questioned the Jury as to whether they were willing to continue deliberating. After indicating that further deliberation would not be helpful, the Court permitted the Jury to return a verdict on the sole claim on which it was able to reach a unanimous decision. The Jury found in favor of Hathaway on the Idaho wrongful discharge claim and awarded him $34,302 in lost wages. The Jury did not answer any of the questions on the verdict form regarding the ADA retaliation claims. As to the ADA discrimination claim, the Jury determined that Hathaway had a disability

---

[1] An *Allen* instruction or *Allen* charge is a supplemental jury instruction a court gives to encourage a jury to reach a verdict after the jury has been unable to agree for some period of deliberation. Such an instruction has long been sanctioned. *See Allen v. United States*, 164 U.S. 492, 501–02 (1896).

and that he was a qualified individual under the ADA. However, the Jury failed to answer any other questions regarding the ADA discrimination claims.

The Court reserved ruling on the impact of the partial verdict until after considering any post-trial motions. Those motions have now been filed and fully briefed.

### III. ANALYSIS

*A. Idaho Pacific's Motion for Judgment as a Matter of Law*

Judgment as a matter of law, under Federal Rule of Civil Procedure 50(b), is appropriate when "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (citation omitted). Thus, "[a] motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (citation omitted). The Court must view the evidence "in the light most favorable to the nonmoving party, with all reasonable inferences drawn in favor of that party." *Id.* at 1205–06.

Importantly, "[a] Rule 50(b) motion for judgment as a matter of law is not a freestanding motion. Rather, it is a renewed Rule 50(a) motion." *Go Daddy Software, Inc.*, 581 F.3d at 961. The Ninth Circuit has explained the Rule 50 scheme as follows:

> Under Rule 50, a party must make a Rule 50(a) motion for judgment as a matter of law before a case is submitted to the jury. If the judge denies or defers ruling on the motion, and if the jury then returns a verdict against the moving party, the party may renew its motion under Rule 50(b). Because it is a renewed motion, a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion. Thus, a party cannot properly raise arguments in its post-trial motion for judgment as a

matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion.

*Id.* (internal quotation marks and citation omitted).

Idaho Pacific did not make a Rule 50(a) motion for judgment as a matter of law before the Court submitted the case to the jury. Idaho Pacific argues that, despite this failure, it is not barred from seeking judgment as a matter of law under a special exception. The Ninth Circuit has held that an exception to this Rule 50(b) requirement applies when judgment was entered in accordance with a special verdict form and the motion for judgment as a matter of law challenges "the consistency of the answers" in the special verdict, and "not to the sufficiency of evidence supporting a general verdict." *Pierce v. S. Pac. Transp. Co.*, 823 F.2d 1366, 1369 (9th Cir. 1987).

Idaho Pacific's motion for judgment as a matter of law does not challenge the consistency of the Jury's answers on the special verdict form. Indeed, the Jury's answers were not "irreconcilably inconsistent." *See id.* Nevertheless, Idaho Pacific argues that this exception "is clearly applicable where a jury simply fails to respond to questions on a special verdict form." Dkt. 107-1, at 3. Idaho Pacific has failed to cite any legal authority reciting such an exception or any cases whose circumstances mirror those currently before the Court. Idaho Pacific does cite *Forro Precision, Inc. v. International Business Machines Corporation*, 673 F.2d 1045, 1058 (9th Cir. 1982). In that case, "[a]fter the jury had deadlocked on [the plaintiff's] antitrust claims, [the defendant] moved for entry of judgment under Fed. R. Civ. P. 50(b)." *Id.* The district court then granted the defendant judgment as a matter of law on those claims and the Ninth Circuit affirmed. *Id.* at 1061.

While *Forro* is somewhat similar to this case, it gives no indication of whether the defendant filed a Rule 50(a) motion before the district court submitted the case to the jury. Idaho Pacific also cites to *Geo. M. Martin Company v. Alliance Machine Systems International LLC*, 634 F. Supp. 2d 1024, 1027 (N.D. Cal. 2008). This case also fails to explain whether the defendant first moved for judgment as a matter of law before the trial court submitted the case to the jury and then renewed that motion after the jury deadlocked. Accordingly, the Court has before it no definitive legal authority directing it to consider a Rule 50(b) motion under these circumstances.

A closer look at the exact language of Rule 50 is appropriate at this point. Rule 50(b) provides:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Thus, Rule 50(b) specifically explains the procedure a party must follow when a Rule 50(b) motion "addresses a jury issue not decided by a verdict"—"the movant may file a *renewed motion* for judgment as a matter of law." (emphasis added). A "renewed motion" presupposes an initial motion. Moreover, the Ninth Circuit has directed district courts to "*strictly construe* the procedural requirement of [Rule 50.]" *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1082 (9th Cir. 2009) (emphasis added). The Ninth Circuit has explained that "it is a litigant's responsibility to preserve the legal issue for

determination after the jury resolves the factual conflict." *Id.* at 1083. Specifically, the Ninth Circuit stated, "[we] hold that the district court should not have entertained Engle's Rule 50(b) motion because he failed to file a Rule 50(a) motion, which must be filed before a court can consider a Rule 50(b) motion." *Id.* at 1078. Here, Idaho Pacific did not preserve the legal issues and the Court is powerless to consider the issues under Rule 50(b) absent this act of preservation. Therefore, Idaho Pacific's Motion for Judgment as a Matter of Law is DENIED.

### B. Idaho Pacific's Motion for a New Trial

Idaho Pacific alternatively asks the Court to grant a new trial on the Idaho wrongful discharge claim specifically because the Jury's verdict on this claim was against the weight of the evidence. The Court finds no merit to this argument.

Rule 59(a) provides that "[a] new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). In other words, "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Rather, district courts are "bound by those grounds that have been historically recognized." *Id.* Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *see also Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000) ("The trial court may grant a

new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice."). Idaho Pacific asserts that the Jury's verdict with regard to the Idaho wrongful discharge claim was against the weight of the evidence and that, accordingly, the Court must grant a new trial on this claim. If proven to be true, this is a valid reason for the Court to grant a new trial.

The Idaho Supreme Court has explained the law regarding wrongful discharge in violation of public policy as follows:

> Generally, an employer may discharge an at-will employee at any time for any reason without incurring liability. However, the right to discharge an at-will employee is limited by considerations of public policy, such as when the motivation for the firing contravenes public policy. The determination of what constitutes public policy sufficient to protect an at-will employee from termination is a question of law. The public policy exception to the employment at-will doctrine has been held to protect employees who refuse to commit unlawful acts, who perform important public obligations, or who exercise certain legal rights and privileges. An employer may not discharge an at-will employee without cause when the discharge would violate public policy. Once the court defines the public policy, the question of whether the public policy was violated is one for the jury.

*Van v. Portneuf Med. Ctr.*, 212 P.3d 982, 991 (2009) (internal citations omitted).

In this case, Hathaway claimed "his workers' compensation claim was the motivation for [Idaho Pacific's] decision to discharge him." Dkt. 100, at 32. Specifically, Hathaway presented evidence that he injured his thumb and shoulder while at work and that he immediately reported his injury. An Idaho Pacific employee, Dwain Gotch, filled out an initial incident report by hand and included both injuries. Later, Idaho Pacific's Director of Human Resources, Lori Steele, completed an incident report for Hathaway's workers' compensation claim and omitted the shoulder injury. As a consequence,

Hathaway was unable to get treatment for his shoulder injury. Shortly thereafter, Hathaway was informed that the initial incident report did not include his shoulder injury. When Hathaway asked Gotch for the initial incident report, Gotch gave him a typed—not handwritten—report that did not include the shoulder injury. Hathaway complained to the Human Resources Department and said he needed his shoulder injury to be included in the report. Two days later, Idaho Pacific terminated Hathaway. The Court defined in the jury instructions that "[t]he public policy of the state of Idaho prohibits an employer from discharging an employee because of or in retaliation for seeking worker's compensation." *Id.* The Jury ultimately found that Hathaway proved by a preponderance of evidence that Idaho Pacific was motivated by his attempt to exercise his rights and privileges in reporting and pursing workers' compensation for his injury.

Idaho Pacific now argues that Hathaway's claim fails as a matter of law because "there was no evidence or argument in this case that Idaho Pacific terminated Hathaway because *he* filed a workers' compensation claim. On the contrary, the undisputed evidence presented to the jury was that *Idaho Pacific* actually filed the workers' compensation claim for Hathaway." Dkt. 107-1, at 12 (emphasis added). Idaho Pacific also argues that this claim cannot be predicated on complaints Hathaway made about an internal company document because that document was not required in order to file or pursue a workers' compensation claim.

The Court rejects these arguments for multiple reasons. First, these are new arguments as to the legal sufficiency of Hathaway's claim that are not appropriately raised for the first time at this stage. Second, these arguments are legally inaccurate.

Idaho Pacific has failed to cite legal authority that holds that an employee must file a workers' compensation claim himself or herself to succeed on this type of claim. Such a position is inconsistent with Idaho's case law on wrongful discharge claims and workers' compensation issues. The Idaho Supreme Court has held that "workers' compensation law is to be construed liberally in favor of the worker, with a view toward effecting its twin objects of relieving injured wage earners and their families and of promoting justice." *Ross v. Fiest*, 666 P.2d 646, 650 (Idaho 1983). To require the worker to physically file the workers' compensation claim as a prerequisite to pursuing this type of claim would fly in the face of this policy and create a procedural loophole employers' could easily exploit. In addition, Hathaway can predicate his claim on an internal company document—an initial injury report—where the employer uses that document as the basis for drafting a workers' compensation claim. Idaho Pacific cannot rely on procedural technicalities to escape liability.

Idaho Pacific also argues that Hathaway presented insufficient evidence for the Jury to find Idaho Pacific terminated him for complaining about the injury report. The Court disagrees. Not only did Hathaway show close temporal proximity between his complaints and his discharge, he cast doubt on the reason Idaho Pacific gave for terminating him and showed Idaho Pacific's ongoing animosity toward Hathaway's workplace injury and medical needs. In the face of this evidence, the Court cannot conclude the jury's verdict was against the weight of evidence and will not grant a new trial on this claim on this ground.

*C. Hathaway's Motion for Entry of Partial Judgment and a New Trial*

Hathaway asks the Court to enter a partial judgment in his favor on the Idaho wrongful discharge claim and on the two elements of the ADA discrimination claim on which the Jury reached a unanimous decision. Hathaway also asks for a new trial on the ADA retaliation claim and the remaining element of the ADA discrimination claim on which the Jury did not reach a unanimous decision. Idaho Pacific argues that if the Court holds a new trial, it should re-hear all of the claims because they are so closely related.

It is well established that, "[w]here a special verdict does not contain one or more answers requested, it may, unless wholly defective, be accepted for those issues that are resolved." *Quaker City Gear Works, Inc. v. Skil Corp.*, 747 F.2d 1446, 1453 (Fed. Cir. 1984). "A party may request reconsideration by the jury of unresolved factual issues in such case, or may be entitled to a retrial of those issues." *Id.*; *California v. Altus Fin. S.A.*, 540 F.3d 992, 1005 (9th Cir. 2008) ("If the answered verdict forms do not dispose of all the issues submitted to the jury, the court must either resubmit the unanswered verdicts to the same jury or declare a mistrial with respect to the unresolved issues."); *Union Pac. R.R. Co. v. Bridal Veil Lumber Co.*, 219 F.2d 825, 832 (9th Cir.1955) ("To do other than send the case back for a new trial when decision on a vital issue by the jury is missing would deprive the parties of the jury trial to which they are entitled constitutionally."); *see also Simms v. Village of Albion, N.Y.*, 115 F.3d 1098, 1105 (2d. Cir. 1997) ("If a jury fails to answer all the questions submitted in a special verdict, the verdict may be accepted for those issues that are resolved."); *Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 190 (4th Cir. 1994) ("The courts have recognized that partially

completed special verdict forms are sufficient, provided that the answered questions support the verdict and the unanswered questions, if answered in favor of the nonprevailing party, would not render the judgment erroneous.); *Proceedings of the Annual Judicial Conference Tenth Judicial Circuit of the United States*, 44 F.R.D. 245, 348 (1967) ("[A] Trial Judge [may] grant a limited retrial on a limited issue while keeping alive all of the 'good' part of the first trial to afford a single review of a single judgment based upon two trials."); *Waters v. Howard Sommers Towing, Inc.*, No. CV 10-5296 CAS PJWX, 2013 WL 2237684, at *2 (C.D. Cal. May 21, 2013).

As the same time, both the Ninth Circuit and the Supreme Court have cautioned that "although partial new trials are permitted, the device 'may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 774 (9th Cir. 1981) (quoting *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 499 (1931)). "If the issues are interwoven, then a new trial as to all of the issues should be ordered. On the other hand if the error below did not extend to the whole judgment but only to a particular issue(s) and this is sufficiently separate so that a fair trial may be had as to it alone, the . . . court may grant a partial new trial limited to such separate issue, whether the issue is one of damages or some other issue." *Id.* (citing 6A Moore's P 59.06, at 59-89-91).

For example, in *Pena v. Meeker*, the Ninth Circuit, albeit in an unpublished memorandum, found the plaintiffs "various retaliation claims relative to the exercise of his First Amendment rights were extremely closely related," such that "the district court's

erroneous grant of summary judgment [on one retaliation] claim requires vacation of the jury verdict on those [other] retaliation claims that went to trial, so that the related claims can be heard jointly and the evidence evaluated in its totality." 435 F. App'x 602, 604 (9th Cir. 2011). In contrast, in *Lies v. Farrell Lines, Inc.*, the Ninth Circuit found the plaintiff's "Jones Act claim and unseaworthiness claim for injuries suffered" while aboard one of the defendant's ships were "distinct and separable." 641 F.2d at 774. The *Lies* court explained that "[t]he unseaworthiness claim depends on a theory of strict liability and employs traditional proximate cause analysis" while "[t]he Jones Act requires proof of employer negligence and borrows the law of causation developed under the FELA." *Id.* Because the theories of liability were distinct, the court found the claims were distinct. In a more recent case, the Central District of California framed the issues slightly differently. It concluded that a partial retrial was inappropriate where, in considering only some of the issues, the "second jury would [nevertheless] be compelled to reexamine [the] first jury's factual finding." *United States v. J-M Mfg. Co., Inc.*, No. EDCV 06-55-GW(PJWX), 2018 WL 705532, at *10 (C.D. Cal. Jan. 31, 2018).

    In this case, as a threshold matter, the answered questions with regard to the Idaho wrongful discharge claim support the Jury's verdict on that claim and the unanswered questions do not render that verdict erroneous. There is nothing irrational or contradictory about the Jury's finding on that claim and, as explained above, it is not against the clear weight of the evidence. Thus, if the Idaho wrongful discharge claim is separate and distinct from the other two claims, the proper course of action is to enter judgment on that claim in Hathaway's favor.

It is also clear that the Court must conduct some sort of retrial. The Jury did not answer the sole question on the special verdict form with regard to the ADA retaliation claim. Thus, that claim must be included in the retrial. The ADA discrimination claim also must be included in the retrial as the Jury did not reach a final verdict on that claim, but the Court must determine whether the ADA discrimination claim should be retried in whole or in part.

After considering the evidence and the circumstances as a whole, the Court concludes that a retrial on all claims is necessary. Of the cases described above, this case is closest to *Pena v. Meeker*, 435 F. App'x 602, where the Ninth Circuit found the plaintiff's various retaliation claims were extremely closely related. Hathaway claims Idaho Pacific terminated him for multiple unlawful reasons. Although each theory of liability is distinct, the factual basis for each claim does overlap. When presented with all of the relevant evidence, a second jury will be forced to consider whether Idaho Pacific terminated Hathaway (1) because he complained about the incident report that formed the basis of his workers' compensation claim; (2) because he had a disability; (3) because he sought disability privileges; (4) some combination of all of these factors; or (5) some other valid reason. Thus, a second jury will be forced to reconsider the factual basis for Hathaway's wrongful discharge claim and could potentially disagree with the first jury on that issue. The multiple potential reasons for Hathaway's termination are so interwoven, that justice requires the claims to be heard jointly so that the jury can evaluate the

evidence in its totality. *See id.* at 604. Accordingly, the Court must order a new trial as to all of the issues.[2]

## IV. ORDER

THE COURT HEREBY ORDERS:

1. Ross Hathaway'S Motion for Entry of Partial Judgment and to Set Re-Trial of the ADA Claims (Dkt. 109) is DENIED.

2. Idaho Pacific Corporation's Motion for Judgment as a Matter of Law on All Claims, or in the Alternative, Motion for a New Trial on Claim for Termination in Violation of Public Policy (Dkt. 107) is DENIED.

3. The Court declares a mistrial and orders a new trial on all claims.

DATED: June 11, 2018

David C. Nye
U.S. District Court Judge

---

[2] Hathaway also argues that granting a retrial on all issues would violated his Seventh Amendment rights. "The Seventh Amendment provides that 'no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.'" *Acosta v. City of Costa Mesa*, 718 F.3d 800, 828-29 (9th Cir. 2013) (quoting U.S. Const. amend. VII). Ordering the questions the Jury answered at trial to be re-tried does not violate the Seventh Amendment as, in the circumstances present here, retrial on all issues is permitted (and required) under common law.