UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROSS HATHAWAY, | Case No. 4:15-cv-00086-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| IDAHO PACIFIC CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Ross Hathaway's Motion for Reconsideration. Dkt. 119. Hathaway asks this Court to reconsider its Memorandum Decision and Order denying his Motion for Entry of Partial Judgment. Dkt. 118. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the Motion on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

A five-day jury trial was held in this employment discrimination case in mid-December 2017. The Court submitted three claims to the Jury via a special verdict form: (1) discrimination under the Americans with Disabilities Act ("ADA"); (2) retaliation under the ADA; and (3) wrongful discharge under Idaho state law. During deliberations, the Jury sent a note to the Court indicating that its members had "reached a point of aggressive disagreement." In response, the Court gave the Jury an *Allen* instruction.[1] The Jury then returned to its deliberations.

A few hours later, the Jury sent another note to the Court stating that it had reached a "unanimous decision on only one claim" and that it was unable to agree on the other two claims. The Jury asked if it had to reach a decision on all three claims or if the Court could rule on the other two claims. The Court questioned the Jury as to whether they were willing to continue deliberating. After indicating that further deliberation would not be helpful, the Court permitted the Jury to return a verdict on the sole claim on which it was able to reach a unanimous decision. The Jury found in favor of Hathaway on the Idaho wrongful discharge claim and awarded him $34,302 in lost wages. The Jury did not answer any of the questions on the verdict form regarding the ADA retaliation claims. As to the ADA discrimination claim, the Jury determined that Hathaway had a disability

---

[1] An *Allen* instruction or *Allen* charge is a supplemental jury instruction a court gives to encourage a jury to reach a verdict after the jury has been unable to agree for some period of deliberation. Such an instruction has long been sanctioned. *See Allen v. United States*, 164 U.S. 492, 501–02 (1896).

and that he was a qualified individual under the ADA. However, the Jury failed to answer any other questions regarding the ADA discrimination claims.

The Court reserved ruling on the impact of the partial verdict until after considering any post-trial motions. Shortly thereafter, Defendant Idaho Pacific Corporation ("IPC") filed a Motion for Judgment as a Matter of Law on All Claims, or, In the Alternative, for a New Trial. Dkt. 107. Simultaneously, Hathaway filed a Motion for Entry of Partial Judgment and to Set Re-Trial of the ADA Claims. Dkt. 109. After the Motions were fully briefed, the Court issued a Memorandum Decision and Order denying both motions, declaring a mistrial, and ordering a new trial on all claims. Dkt. 118.

Thereafter, Hathaway filed the pending Motion for reconsideration. That Motion is now fully briefed and ripe for decision.

### III. LEGAL STANDARD

"[N]either the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider." *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, No. 2:13-CV-0060-EJL-CWD, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014). Nevertheless, the Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Id.* (citing Sierra On–*Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4]

(3d ed. 2000)). Accordingly, a district court should only grant a motion for reconsideration if (1) it "is presented with newly discovered evidence," (2) it "committed clear error," or (3) "there is an intervening change in the controlling law." *Id.* (citation omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* "Whether or not to grant reconsideration is committed to the sound discretion of the court." *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## IV. ANALYSIS

Hathaway argues that the Court should grant his Motion for Reconsideration because the Court committed clear error in denying his Motion for Entry of Partial Judgment. He maintains the Court should have entered judgment in his favor on his state law claim—the only claim on which the Jury returned a complete verdict. Citing *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2003), Hathaway argues an inconsistency in a general jury verdict as to two separate claims is not a basis for a new trial on the entire case. In *Zhang*, the jury rejected the plaintiff's state-law discrimination claims, but "found that the corporate defendants . . . were liable for federal-law discrimination." *Id.* at 1026. On appeal, the Ninth Circuit held that it would "not grant a new trial on the basis of legally irreconcilable general verdicts" because it had "found no Supreme Court or Ninth Circuit cases in which an appellate court has directed the trial

court to grant a new trial due to inconsistencies between general verdicts."[2] *Id.* at 1035. Similarly, in *International Longshoremen's Union v. Hawaiian Pineapple Co.*, 226 F.2d 875 (9th Cir. 1955), the Ninth Circuit held that legally inconsistent verdicts may "stand on appeal even though inconsistent." *Id.* at 881. The inconsistent general jury verdict in that case held "the defendant unions liable while 'exonerating the individual defendants' who acted on behalf of the unions." *Zhang*, 339 F.3d at 1035 (quoting *Hawaiian Pineapple*, 226 F.2d at 881).

> Hathaway takes issue with the following language from the Court's decision:
>
> Hathaway claims Idaho Pacific terminated him for multiple unlawful reasons. Although each theory of liability is distinct, the factual basis for each claim does overlap. When presented with all of the relevant evidence, a second jury will be forced to consider whether Idaho Pacific terminated Hathaway (1) because he complained about the incident report that formed the basis of his workers' compensation claim; (2) because he had a disability; (3) because he sought disability privileges; (4) some combination of all of these factors; or (5) some other valid reason. Thus, a second jury will be forced to reconsider the factual basis for Hathaway's wrongful discharge claim and could potentially disagree with the first jury on that issue.

Dkt. 118, at 13. Hathaway argues that the Court's comment that the second jury could potentially disagree with the first jury is contrary to *Zhang* and *Hawaiian Pineapple*.

*Zhang* and *Hawaiian Pineapple* are not binding on the issue at hand as this case is distinguishable. While the juries in *Zhang* and *Hawaiian Pineapple* delivered inconsistent verdicts, the jury in this case failed to return a complete verdict. Although incomplete,

---

[2] Federal Rule of Civil Procedure 59(a) "does not specify the grounds on which a motion for a new trial may be granted; instead, it allows such a motion to be granted 'for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.'" *Zhang*, 339 F.3d at 1035 (quoting Fed. R. Civ. P. 59(a)).

nothing in the jury's verdict in this case was inconsistent. Thus, this case presents a different question than was at issue in *Zhang* and *Hawaiian Pineapple*, which did not address potential inconsistencies between an original trial and a partial retrial. In addition, *Zhang* and *Hawaiian Pineapple* involved general verdicts, while this case utilized a special verdict. *Zhang* distinguished general and special verdicts noting that "[i]n the case of a special verdict, inconsistencies are problematic and require a new trial . . . if they arise between two or more factual findings." 339 F.3d at 1037.

Moreover, in *Zhang* and *Hawaiian Pineapple*, the Ninth Circuit did not do what Hathaway now asks the Court to do: reverse the district court's decision to order a retrial on all issues instead of ordering a partial retrial. The rules regarding retrial are not as cut and dry as Hathaway would prefer. The Ninth Circuit has repeatedly acknowledged that whether to grant a retrial on all or only some issues falls within the discretion of the district court. *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1134 (9th Cir. 1995). This is because a district court often has to base such a decision on imprecise considerations such as whether a partial retrial will "cause[] confusion and uncertainty." *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 547 F. App'x 832, 833–34 (9th Cir. 2013) (citing *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931)). Indeed, the Supreme Court has acknowledged that, in deciding whether to grant a full or partial retrial, a district court must answer the nebulous question of whether "it clearly appears that the issue to be retried is so distinct and separable from others that a trial of it alone may be had without injustice." *Gasoline Products*, 283 U.S. at 500. When it is not clear, as in this case, the district court must order a full retrial. *Id.*

Hathaway has not convinced the Court that his multiple claims for unlawful termination are "so distinct and separable" that retrial on only his ADA claims is appropriate. Much of the evidence supporting Hathaway's claims for unlawful termination in violation of public policy also supports his ADA claims. When the claims are so "closely related," *Pena v. Meeker*, 435 F. App'x 602, 604 (9th Cir. 2011), and the evidence is so inextricably intertwined, justice requires a retrial on all claims. *Atl. Coast Line R. Co. v. Bennett*, 251 F.2d 934, 939 (4th Cir. 1958) ("In the instant cases we are unable to say that the new trial can be restricted to the single issue without injustice to the defendant, since the evidence relating to wilful misconduct is so inextricably tied up with that relating to primary negligence that a fair trial upon either issue requires a trial of both issues together."); *see also Fornicoia v. Haemonetics Corp.*, No. CIV.A. 99-1177, 2006 WL 197116, at *3 (W.D. Pa. Jan. 26, 2006) (finding plaintiff's constructive discharge claim and sexual harassment claim were "so interwoven [that one issue] cannot be submitted to the jury independently of the [other issue] without confusion and uncertainty, which would amount to denial of a fair trial").

In sum, the Court did not clearly err in its prior ruling. The Court recognized the appropriate standard—as outlined in *Gasoline Prod. Co. v. Champlin Refining Co.*, 283 U.S. 494 (1931), and reaffirmed in *Lies v. Farrell Lines, Inc.*, 641 F.2d 765 (9th Cir. 1981). The Court then properly applied that standard and exercised its discretion in finding the issues were so "interwoven" that "a new trial as to all of the issues should be ordered." *Lies*, 641 F.2d at 774. Accordingly, the Court will not reconsider its prior decision.

# V. ORDER

It is HEREBY ORDERED:

1. Hathaway's Motion for Reconsideration (Dkt. 119) is DENIED.

DATED: August 8, 2018

_____
David C. Nye
U.S. District Court Judge