# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROSS HATHAWAY<br><br>Plaintiff,<br><br>v.<br><br>IDAHO PACIFIC CORPORATION<br><br>Defendant. | Case No. 4:15-cv-00086-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Defendant Idaho Pacific Corporation's ("IPC") Rule 43 Motion (Dkt. 205) and third-party Angela Thibert's Motion to Quash Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (Dkt. 216). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. BACKGROUND[1]

In September 2019, IPC subpoenaed Angela Thibert, who works for Liberty Mutual and assisted in Ross Hathaway's claims, to testify. Thibert, who acts as a primary caregiver

---

[1] The underlying facts of the case, which are well known to the parties, have been set out numerous times in previous orders. The Court will not present them here.

to her husband due to his serious medical needs, informed IPC that she could not travel from where she lives (Middleton) to where trial will be held (Pocatello), about 218 miles as the crow flies. Because there are no family or friends who can care for her husband, Thibert states that she must always be within a half hour of her home. Though she works full-time, Thibert spends half of her time working from home so she can tend to her husband's medical needs.

Due to Thibert's duties as a caregiver, IPC filed the pending Rule 43 Motion seeking an alternative way to present Thibert's testimony other than having her appear for trial in Pocatello. Thibert also filed a Motion to Quash her subpoena. Trial is set to commence on October 28, 2019.

### III. LEGAL STANDARD

There are multiple remedies available when a witness would have trouble testifying at trial. Federal Rule of Civil Procedure 43 states in part that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Similarly, when a subpoenaed person can show that testifying at trial would subject her to undue burden, a court must quash or modify the subpoena. Fed. R. Civ. P. 45(3).

### IV. ANALYSIS

As a preliminary matter, the Court finds that Thibert's testimony is relevant. Hathaway challenges any testimony she may provide as irrelevant because he is not making any claim against Liberty Mutual and that any testimony concerning Liberty Mutual's process for handling claims does not affect his claims against IPC. Hathaway is

overlooking the fact that IPC sent Thibert an email stating that it did not know how to handle Hathaway's claim, and that IPC attached multiple documents to the aforementioned email, including a doctor's report supporting Hathaway's shoulder injury claim. Thibert's testimony on her interactions with IPC and how she handled the discrepancy between IPC's report, which excluded information about Hathaway's shoulder injury, and the documents attached to the email, is therefore relevant.

Turning now to the practical difficulty regarding any testimony Thibert may provide, based on the briefing and affidavits contained in the two pending motions, the Court finds that requiring Thibert to attend trial in Pocatello would subject her to an undue burden. As such, the Court will not require Thibert to travel to Pocatello for trial and hereby quashes the subpoena.

Further, the Court declines to require Thibert to testify through a contemporaneous transmission from the federal courthouse located in Boise, Idaho. Though that location is much closer to Thibert's home and husband, the Court would like to avoid overseeing one trial simultaneously taking place in two places hundreds of miles apart—it is difficult enough to oversee trial in just one location.

With that being said, the Court will provide a way to introduce Thibert's testimony. The Court will allow IPC to take a video deposition of her for use at trial.[2] The parties must work together to determine the date, time, and location of the deposition. The deposition must occur within 40 miles of Thibert's residence. The parties may then use Thibert's

---

[2] This video deposition may be done regardless of the number of depositions already taken in this matter and regardless of whether Thibert has already been deposed.

MEMORANDUM DECISION AND ORDER - 3

testimony, to the extent it is admissible and relevant, at trial pursuant to Federal Rule of Civil Procedure 32 and any other applicable rules. It will be IPC's responsibility to serve a subpoena if needed to ensure the witness's attendance.

## V. ORDER

IT IS HEREBY ORDERED THAT:

1. IPC's Rule 43 Motion is DENIED.

2. Thibert's Motion to Quash is GRANTED.

3. The parties may depose Thibert and use her testimony in accordance with this order.

DATED: October 21, 2019

David C. Nye
Chief U.S. District Court Judge